IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAUN EUGENE REED,

        Petitioner,

v.                                                                                         Civil Action No. 3:06CV101
                                                                                        Criminal Action No. 3:05CR3

UNITED STATES OF AMERICA,                 (Judge Bailey)

        Respondent.

**REPORT AND RECOMMENDATION THAT PETITIONER'S MOTION FOR ORDER
RELEASING DEFENDANT AND DISMISSING ALL CHARGES PURSUANT TO
28 U.S.C. § 2255 BE DENIED**

I. **INTRODUCTION**

On June 8, 2006, petitioner, by counsel, filed a Motion For Order Releasing Defendant and Dismissing All Charges Pursuant to Title 28 U.S.C. § 2255. The Government filed its response October 6, 2006. Petitioner filed a Reply to Response of the United States on November 3, 2006. The undersigned issued a Report and Recommendation July 15, 2007 setting an evidentiary hearing solely on the issue of whether petitioner knew there may have been a question concerning restoration of his right to possess a firearm under Arizona law. An evidentiary hearing was held September 14, 2007. The only witness was petitioner.

II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. Findings of Fact

On December 11, 1985, Shaun E. Reed was found guilty in the Superior Court of Arizona, Maricopa County, of armed robbery, a class 2 felony. The court suspended imposition of sentence for a period of five (5) years and placed defendant on supervision. One of the terms of supervision was "defendant not to possess weapons."

At the time of Mr. Reed's conviction in 1985, ARS § 13-3101 defined "prohibited possessor" to include "any person: (b) who has been convicted within or without this state of a

felony involving violence or possession and use of a deadly weapon or dangerous instrument and whose civil rights have not been restored."

At the time of Mr. Reed's conviction in 1985, ARS § 13-912 provided for restoration of civil rights for first offenders provided:

> "(a) any person who has not previously been convicted of any other felony shall automatically be restored any civil rights that were lost or suspended by the conviction if the person both:
>
> 1. Completes a term of probation or receives an absolute discharge from imprisonment.
>
> 2. Pays any fine or restitution imposed."

In 1988, while Mr. Reed was on supervision, ARS § 13-912 added a new provision:

> "This section does not apply to a person's right to possess weapons as defined in § 13-3101 unless the person applies to a Court pursuant to § 13-905 or § 13-906."

Shortly after his arrest by local law enforcement on April 6, 2004, Mr. Reed contacted an Arizona lawyer to have his 1985 Arizona felony conviction vacated. On July 14, 2004, the Superior Court of Arizona, Maricopa County, restored defendant's civil rights and restored defendant's right to possess a firearm. However, defendant's request to the Arizona Superior Court to vacate the judgment of guilt on the armed robbery conviction was denied.

On September 15, 2004, ATF agents came to Mr. Reed's home. Mr. Reed gave the agents copies of Government Exhibit 4 (the order restoring rights but not vacating the conviction), and Government Exhibit 5 (Arizona notice of federal law that if conviction is expunged or rights restored the conviction cannot be a basis for a felon in possession charge). Both these exhibits were exhibits at the trial.

Mr. Reed was indicted in this court January 19, 2005 charging two counts. Count One charged him with making a false statement in the acquisition of a firearm on September 28, 2001. Count Two charged Mr. Reed with being a felon in possession of .45 caliber glock pistol on April 6, 2004. The case went to trial on May 18, 2005. At the conclusion of the Government's case and after the trial court overruled the defendant's objection to instruction number 11, Mr. Reed changed his plea and pleaded guilty to Count Two of the indictment.

Prior to the trial and entry of the plea in this criminal action, Mr. Reed's wife researched Arizona law related to restoration of his right to possess a firearm and apparently discovered the 1985 version of ARS § 13-912 quoted above. Also prior to the trial, Mr. Reed discussed the effect of Arizona law with Mr. Manford on this criminal action a couple of times. Mr. Reed testified Mr. Manford said it was a non issue in this criminal action. Defendant went to trial.

In January of 2006, Mr. Reed and Mr. Reed's wife did further research on whether his rights to possess a firearm were restored under Arizona law and subsequently hired Mr. Mills who filed the § 2255 petition.

## B. Conclusions of Law

The relevant time period for the offense charged in Count Two of the indictment to which Mr. Reed pleaded guilty is April, 2004.

Mr. Reed was a prohibited possessor under ARS § 13-3101.

After obtaining the advice and counsel of an Arizona lawyer, and having received a court order from Arizona restoring his right to possess a firearm in July of 2004, Mr. Reed knew that his right to possess a firearm under Arizona law had not been restored by a court of competent jurisdiction as of April, 2004.

Prior to pleading guilty in May of 2005, Mr. Reed knew there **<u>MAY</u>** have been an issue under Arizona law (namely whether his right to possess a firearm was governed by the 1985 or 1988 version of ARS § 13-912) which he could contend would prevent him from being convicted as a felon in possession.

When Mr. Reed agreed to plead guilty to Count Two of the indictment in May of 2005, he knew that his right to possess a firearm had not been restored under Arizona law by a court of competent jurisdiction as of April, 2004.

Mr. Reed made a knowing, voluntary and intelligent waiver of his right to file this § 2255 after having 1) the advice of Arizona counsel of whether his right to possess a firearm had been restored as of April, 2004; 2) the advice of West Virginia counsel as to the effect of the Arizona conviction in this criminal action; and 3) knowledge that there **<u>MAY</u>** have been an issue under Arizona law whether he could be convicted as a felon in possession.

Based upon the foregoing conclusions, Mr. Reed has failed to sustain his burden of proving his waiver of his right to file a § 2255 was not knowing, voluntary and intelligent.

Therefore, I recommend Petitioner's Motion for Order Releasing Defendant and Dismissing All Charges Pursuant to 28 U.S.C. § 2255 Be Denied.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 21, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE