IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAUN EUGENE REED,

                Petitioner,

v.                                             Civil Action No. 3:13cv103
                                                Criminal Action No. 3:05cr3
                                                (Judge Bailey)

UNITED STATES OF AMERICA,

                Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 6, 2013, the *pro se* petitioner, a former federal inmate, filed a Rule 60(d) Motion to Vacate Judgment which was construed as a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody,[1] and docketed accordingly. The Clerk of Court issued a Notice of Deficient Pleading, advising petitioner to re-file his case on a court-approved form §2255 petition within twenty-one days, or by September 27, 2013. On October 1, 2013, petitioner attempted to contact the undersigned by telephone to discuss his case. Accordingly, petitioner was advised by letter,[2] that *ex parte* communications were impermissible and he should file a motion with the court if he had questions concerning his case. That same day, a Show Cause Order was entered, advising the petitioner to correct his deficient pleadings within fourteen days, or by October 15, 2013.

On October 7, 2013, petitioner hand-delivered an answer to the Show Cause Order to the Clerk of Court for filing, along with the first page of the court-approved form petition. Accordingly, on October 8, 2013, a Second Show Cause Order was issued, directing petitioner to complete the entire court-approved form petition and file it within fourteen days, or risk dismissal of his case. On

---

[1] Dkt.# 89.

[2] Dkt.# 93.

1

October 8, 2013, petitioner filed an Answer to Second Order to Show Cause, along with his completed court-approved form §2255 petition.[3]

This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2, is ripe for review.

## II. Facts

### A. Conviction and Sentence

During a jury trial on May 18, 2005 in the Northern District of West Virginia, at the conclusion of the Government's evidence, petitioner signed a plea agreement by which he agreed to plead guilty to Count Two, Unlawful Possession of Firearms,[4] in violation of Title 18, United States Code, Section 922(g)(1).

In the plea agreement, the parties stipulated and agreed to the total relevant conduct of possession of a Glock Model 36 45-caliber pistol and a Mossberg 12-gauge Model 835 shotgun. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Petitioner entered his plea in open court on May 18, 2005.

On August 23, 2005, he was sentenced him to ten months of imprisonment, to be followed by a two-year term of supervised release.

### B. Appeal

The prisoner did not file an appeal of his conviction.

### C. Federal Habeas Corpus

**First §2255 Motion**

---

[3] Dkt.# 100.

[4] Petitioner had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., Armed Robbery, in the Superior Court of Arizona, Maricopa County, in Case No. CR-150865, via a guilty plea entered on December 11, 1985. See Dkt.# 1 at 3. He received a sentence of one year of jail time and five years of supervised probation. See Dkt.# 89-3 at 2.

Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 8, 2006,[3] asserting that counsel was ineffective both during trial and in the entry of his guilty plea, for failing to fully investigate the issue of whether his right to possess a firearm had been restored to him under Arizona law; failed to prepare properly for trial; and failed to inform himself before advising petitioner to plead guilty. He argued that because his right to possess a firearm had been suspended but never taken away, it was automatically restored to him by operation of law upon the completion of his period of probation in 1990. Further, he asserted that Arizona law at the time of his sentence and at the time he was discharged from probation stated that the discharge from probation restored his rights to possess a firearm. Because the suspension of his right to possess a firearm was not codified under Arizona law until 1994, after he was already discharged from probation, *ex post facto* principles prevented the application of such a prohibition to him. Accordingly, he concluded that because no crime had been committed, his instant underlying criminal proceedings should be dismissed.

At an evidentiary on September 14, 2007, on the issue of whether petitioner knew at the time he entered his plea that there may have been a question concerning restoration of his right to possess a firearm under Arizona law, it was found that petitioner had made a knowing, voluntary and intelligent waiver of his right to file a § 2255 after having: the advice of Arizona counsel regarding whether his right to possess a firearm had been restored; the advice of West Virginia counsel as to the effect of the Arizona conviction in this criminal action; and knowledge that there may have been an issue under Arizona law as to whether he could be convicted as a felon in possession. By Order entered April 30, 2008, the R&R was adopted and petitioner's §2255 motion was denied and

---

[3] Dkt.# 43.

dismissed. Petitioner timely appealed; however, on February 10, 2009, the Fourth Circuit Court of Appeals denied a certificate of appealability.[5]

**Second §2255 Motion**

On September 6, 2013, petitioner filed the instant Motion to Vacate, Under 28 U.S.C. § 2255 as a Rule 60(d)(1) Motion, asserting the following:

1) after unsuccessfully challenging his right to possess firearms in post-trial motions in this court in his first §2255 motion, petitioner litigated the issue to the Court of Appeals, State of Arizona, Division One. Petitioner contends that that court's June 7, 2011 Memorandum Decision affirmed that his right to possess firearms was automatically restored by operation of law upon the completion of his Arizona probationary period in 1990.[6] Further, he avers that the trial court, Superior Court in Maricopa County, Arizona, confirmed that conclusion on July 14, 2004,[7] but that "the misinformation in the Arizona Department of Public Safety criminal history database" was not "corrected by interlineation" until on or around August 7, 2013.[8]

As relief, he requests that his federal criminal conviction be expunged, that the Government correct his National Crime Information Center ("NCIC") record, and that all documents and records concerning his federal conviction be sealed.

### III. Analysis

**A. Rule 60(d) Motions**

Rule 60(d) of the Federal Rules of Civil Procedure states, in relevant part, that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding. Fed.R.Civ.P. 60(d). Nonetheless, the Federal Rules of Civil Procedure apply

---

[5] Dkt.# 85.

[6] See Dkt.# 89-3, n.2 at 2.

[7] See Dkt.# 89-4 at 4.

[8] See August 7, 2013 letter from Arizona Department of Public Safety, Dkt.# 89-4 at 4.

4

to civil cases in federal district courts;[9] they have no applicability in a criminal case. See <u>United States v. McCalister</u>, 601 F.3d 1086, 1087 – 88 (10th Cir. 2010). Statutes such as 28 U.S.C. §§2254, and 2255 provide avenues and federal jurisdiction to challenge a criminal conviction.

However, federal inmates are not permitted to file second or successive motions under §2255 without obtaining certification to do so from a panel of the appropriate court of appeals. 28 U.S.C. §2255(h). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing repetitive claims. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003).

Because the certification requirement is a barrier to successive habeas petitions, petitioners often attempt to bypass the certification requirement by filing what is in essence a successive habeas petition, under the guise of a motion for relief from judgment under Rule 60. Typically, these motions are brought under Rule 60(b), rather than Rule 60(d)[.] <u>United States v. Fay</u>, 2014 U.S. Dist. LEXIS 3951, * 4-5 (C.D.S.D 2014). It is apparent that the one-year time limitation restriction for filing Rule 60(b) motions, set forth in Rule 60(c)(1) makes a Rule 60(d) motion a more appealing option to those seeking to circumvent the prohibition of §2255(h).

Review of successive applications is available only in limited circumstances. In order for these limitations to be effective, courts must not allow petitioners to avoid them by attaching labels other than "successive application" to their pleadings. <u>Winestock</u>, *supra* at 203. It is the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions. <u>Id</u>. *quoting* <u>United States v. Emmanuel</u>, 288 F.3d 644, 647 (4th Cir. 2002). Regardless of the name petitioner has attached to his motion, it is in substance, a successive petition, because in it, petitioner is again attempting to attack his conviction. <u>Kelly v. United States</u>, 2013 U.S. Dist. LEXIS 45664, *3 (W.D.N.C. 2013). Indeed, here, petitioner is merely raising the same issue that was already adjudicated in his original §2255 motion.

---

[9] Fed.R.Civ.P. 1.

**<u>Successive §2255 Motions Prohibited</u>**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. <u>Harvey v. Horan</u>, 278 F. 3d 370 (4th Cir. 2002). There is no question but that petitioner's first § 2255 motion was dismissed on the merits, after an evidentiary hearing.

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[10] Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." *See* <u>United States v. Winestock</u>, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's repetitive claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice for lack of jurisdiction.

### IV. <u>Recommendation</u>

---

[10] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** petitioner's motion (Dkt.# 89 and 100), dismissing the case from the docket as for lack of jurisdiction as a second or successive motion for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, **or by April 14, 2014**, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: March 31, 2014

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE