# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                             **CRIMINAL ACTION NO.: 3:05-CR-3 (GROH)**

**SHAUN EUGENE REED,**

    Defendant.

## MEMORANDUM OPINION AND ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DISMISSING DEFENDANT'S PETITION FOR A WRIT OF ERROR CORAM NOBIS AND RULE 60(d) MOTION TO VACATE JUDGMENT

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 122] of United States Magistrate Judge James E. Seibert. On November 4, 2015, this Court referred the *pro se* Defendant's Petition for a Writ of Error Coram Nobis and Rule 60(d) Motion to Vacate Judgment [ECF No. 109] to Magistrate Judge Seibert, who was authorized to enter into the record a written R&R setting forth findings of fact and a recommended disposition. While the Defendant's petition was before the magistrate judge, the parties each filed briefs in support of their respective positions. On February 11, 2016, the magistrate judge entered his R&R, in which he recommends that the Defendant's petition be granted and that his conviction be vacated. Shortly thereafter, the Government filed objections to the R&R. Now, upon a *de novo* review of the parties' arguments and the record in this case, this Court **DECLINES TO ADOPT** the magistrate judge's R&R and **ORDERS** that the instant petition be **DISMISSED**.

## I. Background

This marks the third time the Defendant has attempted to collaterally attack his 2005 conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Each of the Defendant's attempts to secure relief have revolved around one primary contention: that he was not a prohibited possessor when he was arrested with firearms in his possession on April 6, 2004, and, therefore, his conviction for being a felon in possession of firearms must be vacated. The Government has consistently responded by arguing that the Defendant was in fact a prohibited possessor on April 6, 2004. The factual and procedural history of this case has been recounted multiple times by the magistrate and district judges who have presided over this matter during the past decade. A summary of the pertinent history will suffice for purposes of disposing of the instant petition.

On December 11, 1985, the Defendant pleaded guilty in the Superior Court of Maricopa County, Arizona, to one count of armed robbery, in violation of title 13, section 1904 of the Arizona Criminal Code. The best available evidence of the facts underlying the Defendant's armed robbery conviction have been drawn from a presentence report, "which states that [the Defendant] committed armed robbery at a bank by using a small caliber handgun." Arizona v. Reed, No. 1 CA-CR 10-0395, 2011 WL 2201555, at *2 (Ariz. Ct. App. June 7, 2011). The Defendant was given a sentence that included five years of supervised probation. He was discharged from probation on December 19, 1990. The Government maintains that the Defendant was a prohibited person at the time he was discharged from probation—because his 1985 conviction constituted a crime of violence under Arizona law—and that he remained a prohibited person until his gun rights were restored in July of 2004.

On April 6, 2004, law enforcement officers arrested the Defendant in Jefferson County, West Virginia. According to testimony elicited at the Defendant's trial, the Defendant was threatening his neighbors while armed with two firearms. Officers seized the firearms when they arrested the Defendant. After his arrest, the Defendant sought an order from an Arizona court addressing his right to possess firearms. On July 14, 2004, the Superior Court of Maricopa County, Arizona, issued an order which, on its face, provides that it restored the Defendant's right to possess firearms.

On January 19, 2005, the Defendant was named in a two-count indictment, charging him with knowingly making a false and fictitious statement when acquiring a firearm (Count 1) and with being a felon in possession of firearms (Count 2). Following the first day of a jury trial on the charges contained in the indictment, counsel for the Defendant made an oral motion for a judgment of acquittal, which was denied. After the trial court denied his counsel's motion, the Defendant entered into a plea agreement with the Government. Pursuant to the terms of his plea agreement, the Defendant admitted to being a felon in possession of firearms and the Government moved to dismiss the false and fictitious statement charge.

On August 23, 2005, the Defendant was sentenced to a term of ten months' incarceration, with a two-year period of supervised release to follow. He has since completed his terms of incarceration and supervised release. By way of the instant petition, he now seeks to vacate his 2005 conviction, arguing that he was not a prohibited possessor on April 6, 2004, and, therefore, that he is innocent of the offense to which he pleaded guilty. Central to the Defendant's argument is his assertion that his right to possess firearms was automatically restored under Arizona law at the time he successfully

3

completed his term of supervised probation in 1990.[1]

As noted, this is the Defendant's third such attack on his conviction. The Defendant first challenged his federal conviction by way of a motion under 28 U.S.C. § 2255, filed on June 8, 2006. ECF No. 43. The Defendant, who was at that time represented by an attorney, alleged ineffective assistance of counsel, arguing that his trial attorney was "uninformed as to fact of law." According to the Defendant, his attorney's performance was deficient in that his attorney advised him to enter into a plea agreement for being a felon in possession, when his attorney should have known that—under Arizona law as interpreted by the Defendant—the Defendant's right to possess firearms had been restored years before he was arrested in West Virginia. In enumerating the "legal issues" presented by his § 2255 motion, the Defendant asked, "Were Defendant's civil rights, including the right to own or possess a firearm, automatically restored by the State of Arizona by the successful discharge of his probation on December 19, 1990[?] Alternatively, was his right to possess a firearm not taken from him to begin with[?]" After holding a hearing, Magistrate Judge Seibert recommended that the Defendant's motion be dismissed. The magistrate judge found that "[w]hen Mr. Reed agreed to plead guilty to Count Two of the indictment in May of 2005, he knew that his right to possess a firearm had not been restored under Arizona law by a court of competent jurisdiction as of April, 2004." Thereafter, United States District Judge John Preston Bailey adopted the magistrate judge's R&R, finding that the Defendant's attorney's performance was not deficient. Specifically, Judge Bailey found that the Defendant's waiver of his right to seek collateral

---

[1] At times, the Defendant has argued that his right to possess firearms was never restricted outside of a specific condition included in his terms of supervised probation.

review of his sentence—which was contained in his plea agreement—was not tainted by any alleged ineffective assistance of counsel, because it was objectively reasonable for the Defendant's trial attorney to advise the Defendant that he had no defense to the charges contained in the indictment. By way of an unpublished per curiam decision issued on February 10, 2009, the United States Court of Appeals for the Fourth Circuit dismissed the Defendant's appeal of the district court's order. United States v. Reed, 310 F. App'x 598 (per curiam) (unpublished) (4th Cir. 2009).

On September 6, 2013, the Defendant again attempted to vacate his judgment, this time by filing a *pro se* motion under Federal Rule of Civil Procedure 60(d). ECF No. 89. The Defendant once again argued that his right to possess firearms had been automatically restored upon the termination of his supervised probation in 1990. The Defendant's September 6, 2013 motion was construed as a second motion under § 2255. This created some confusion, because the Court instructed the Defendant, who was no longer incarcerated, to complete and submit a court-approved form motion that was designed for use by "a person in federal custody." ECF No. 99-1; see Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam) (stating that a prisoner must be "in custody" at the time a § 2255 motion is filed).[2] Faced with an order to show cause directing him to file his claim through the court-approved form § 2255 motion, the Defendant was unsure as to how to proceed. He argued that the questions on the form § 2255 motion did not apply to him because he was no longer incarcerated. The district court ultimately dismissed what it

---

[2] While a person may be "in custody" without being actually incarcerated (such as when subject to conditions of parole) the collateral consequences of a conviction are not sufficient to render an individual "in custody" for purposes of a § 2255 motion. See Maleng, 490 U.S. at 491-92.

construed as the Defendant's second or successive § 2255 motion. The Defendant then moved for authorization from the Fourth Circuit to file a second or successive § 2255 motion. Upon review, the Fourth Circuit denied authorization and observed that any successive § 2255 motion would be futile, as the Defendant conceded that he was no longer incarcerated. ECF No. 108.

Searching for a more appropriate avenue to continue challenging his conviction, the Defendant then filed the instant petition seeking a writ of error coram nobis and invoking Federal Rule of Civil Procedure 60(d). This Court referred the Defendant's petition to Magistrate Judge Seibert for consideration and preparation of an R&R. The parties fully briefed their arguments, and on February 11, 2016, Magistrate Judge Seibert entered his R&R, recommending that the Defendant's petition be granted and that his 2005 conviction be vacated. The Government filed its objections to the R&R on February 22, 2016. Approximately one week later, the Defendant filed a motion to correct typographical errors in the R&R.[3] He also filed what he styles as his objections to the R&R, which consist almost entirely of allegations of misconduct on the part of an attorney for the Government.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[3] In his Motion to Correct Typographical Omissions in the Report and Recommendation [ECF No. 125], the Defendant requests that the Court correct a minor error on page 10 of the R&R. As entered on the docket, the R&R reads: "After considering the relevant Arizona Revised Statutes and the Ninth Circuit's illustrative interpretation, the Court is left only find that Reed should not have been indicted under 18 U.S.C. §§ 922(g)(1) and 924(a)(2)." The Defendant asks that the Court modify the R&R to insert the word "to" between "only" and "find." Because the Court declines to adopt the R&R, the Defendant's motion is **DENIED AS MOOT**.

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a party's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, the Government objects to the entirety of the magistrate judge's analysis and each of his conclusions of law. Accordingly, the Court has reviewed the entirety of the report and recommendation *de novo.*

### III. Discussion

The Defendant is not entitled to relief under Federal Rule of Civil Procedure 60. Rule 60, which concerns methods of obtaining relief from a judgment or order in a civil case, does not limit a court's power to "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). In the instant case, the Defendant moves under Rule 60(d)(1) for relief from what he sees as an unlawful judgment. But a motion under Rule 60(d) is an inappropriate method of attacking a criminal conviction. See, e.g., United States v. Merica, No. 5:04CR00015, 2011 WL 6325881, at *2 (W.D. Va. Dec. 16, 2011) (dismissing a defendant's Rule 60(d) motion, wherein the defendant challenged the validity of his confinement, because "Rule 60 is a civil rule that provides no authority for the remedy [the defendant] seeks"). Moreover, to the extent the Defendant intended to utilize Rule 60(d) to directly attack his conviction, the Court lacks jurisdiction to consider his motion. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

7

The Defendant also seeks coram nobis relief. A writ of error coram nobis is a remedy of last resort, available "only where an error is 'of the most fundamental character' and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). In order to obtain such relief, a defendant must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. (internal quotation marks omitted) (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "The Fourth Circuit has held that a writ of error coram nobis must be brought to the same court that convicted and sentenced the defendant." Whitley v. North Carolina, No. 5:12-HC-2016-BO, 2012 WL 8123581, at *1 (E.D.N.C. Aug. 16, 2012) (collecting cases), aff'd per curiam sub nom. Whitley v. Strada, 488 F. App'x 755 (4th Cir. 2012).

The Defendant is not automatically entitled to coram nobis relief merely because he is no longer in custody. If that were the case, every criminal defendant would be able to circumvent the prohibition on second or successive petitions by challenging his conviction once while in custody and again immediately upon completing his sentence. See Bernardi v. United States, 171 F. App'x 387, 389 (3d Cir. 2006) (per curiam) (unpublished) (stating that a defendant is not entitled to coram nobis relief "merely because he has previously suffered an adverse decision in a § 2255 proceeding, has been unsuccessful in his numerous endeavors to obtain authorization to file a second or successive § 2255 motion, and is now no longer in custody for purposes of § 2255"). Coram nobis relief is rarely

granted and is generally unavailable where a defendant seeks to assert claims that were, or that could have been, raised through a § 2255 motion. See Akinsade, 686 F.3d at 252.

The Defendant's current argument is for all practical purposes identical to the argument he has raised twice before: he cannot be guilty of being a felon in possession because he was not a prohibited person under Arizona law on April 6, 2004. Accordingly, the Defendant is now asserting an argument he has already raised in a fully-litigated § 2255 motion. His original motion was denied on the merits after having been given full consideration by the Court. Those proceedings included full briefing by both parties, a hearing, a report and recommendation, and a final order issued by the district judge then assigned to this case. In the R&R that was adopted by the district court, the magistrate judge came to the following conclusion of law: "After obtaining the advice and counsel of an Arizona lawyer, and having received a court order from Arizona restoring his right to possess a firearm in July of 2004, Mr. Reed knew that his right to possess a firearm under Arizona law had not been restored by a court of competent jurisdiction as of April, 2004." The Defendant's appeal from the district court's order adopting the R&R was subsequently dismissed by the Fourth Circuit, which denied to issue a certificate of appealability. Although the Defendant was procedurally compelled to submit his § 2255 motion through an ineffective assistance of counsel claim, his status as a prohibited person—and his knowledge of issues relating to that status—were front and center during those proceedings.

Even assuming, without deciding, that the Defendant, for a valid reason, did not attack his conviction earlier *and* that the Defendant is suffering adverse consequences from his conviction, coram nobis relief is not warranted. At bottom, the instant case does not

present extraordinary circumstances such that the writ of error coram nobis must be used to achieve justice. See Akinsade, 686 F.3d at 252. The U.S. Supreme Court holds that coram nobis relief is not available to attack any and all errors of fact, but instead is warranted only "in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular or invalid." United States v. Mayer, 235 U.S. 55, 69 (1914).

Here, the Defendant cannot successfully maintain that there was a fundamental error in the proceeding that led to his guilty plea. In his original § 2255 motion, he challenged the validity of the collateral attack waiver contained in his plea agreement by arguing that his attorney was ineffective. But that claim relied on the Defendant's argument that he was not a prohibited person under Arizona law and that his attorney was ineffective for not persuading the trial court to that effect. The district court rejected the Defendant's argument outright. The Defendant attempted to appeal the district court's order, but the Fourth Circuit denied him a certificate of appealability and dismissed his appeal. A defendant "who would not be entitled to relief on direct appeal could never be entitled to the extraordinary writ of coram nobis." Bereano v. United States, 706 F.3d 568, 577 (4th Cir. 2013).

The Fourth Circuit recently allowed a defendant to bring a § 2255 motion attacking his conviction under 18 U.S.C. § 922(g) despite the fact that the defendant pleaded guilty to the offense, in part because the defendant maintained that he was "actually innocent"—that is, he argued that he did not have the necessary predicate felony conviction on his record at the time he allegedly committed the offense. See United States v. Burleson, 815 F.3d 170, 171 n.1 (4th Cir. 2016). But the history of the instant case, both

factual and procedural, renders it distinct from Burleson.  Here, the Defendant has attacked his conviction on multiple occasions, and on a factual basis that has already been deemed insufficient.  Of note, the Defendant's status as a prohibited person was directly at issue during his criminal trial, where the Government attempted to prove that the Defendant's right to possess firearms had not been restored as of April 6, 2004.  There can be little doubt that the Defendant considered the evidence the Government had already presented to the jury before he decided to enter into his plea agreement.  Most critically, the Defendant is not attacking his conviction by way of a motion under § 2255, but instead through a petition for a writ of error coram nobis.  "When a defendant seeks to vacate a guilty-plea conviction by way of coram nobis, great caution is warranted."  United States v. George, 676 F.3d 249, 257 (1st Cir. 2012).  This is so because "words have meaning," and an error of the most fundamental character—as must be found before coram nobis relief can be granted—must, at a minimum, amount to "more than a factual insufficiency that the petitioner's voluntary decisions may have caused."  Id. at 258.

Finally, the Fourth Circuit recognizes the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions."  Winestock, 340 F.3d at 203.  Here, the Defendant's petition does not raise any new grounds for relief, and he has failed to demonstrate that reversing course and vacating his conviction would be in any way appropriate.  It is regrettable that during the proceedings relating to the Defendant's second attack on his conviction, the Defendant was provided with forms that were, at least in part, inapplicable to him as a person no longer in custody.  But the fact remains that the Defendant is once again attempting to attack his conviction on the merits.  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition,

coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted).

### IV. Conclusion

For each of the reasons discussed above, the Defendant is not entitled to coram nobis relief. Likewise, the Defendant's claim under Federal Rule of Civil Procedure 60(d) fails. The instant petition constitutes a successive attack on the Defendant's conviction, and, regardless of that fact, the Defendant cannot demonstrate the exceptional circumstances necessary to warrant granting a writ of coram nobis.

Accordingly, the Court **DECLINES TO ADOPT** the magistrate judge's Report and Recommendation [ECF No. 122]. The Court **ORDERS** that the Defendant's Petition for a Writ of Error Coram Nobis and Rule 60(d) Motion to Vacate Judgment [ECF No. 109] is **DISMISSED**. The Government's Objections [ECF 123] to the Report and Recommendation are **SUSTAINED**. The Defendant's Objections [126] to the Report and Recommendation are **OVERRULED**. The Defendant's Motion to Correct Typographical Omissions in the Report and Recommendation [ECF No. 125] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the *pro se* Defendant at his last known address.

**DATED:** June 28, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE